REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
PAUL MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| n re:<br><br>ALFONSO ZABALA<br><br>SSN xxx xx 8104<br><br>       Debtor | Case No. 09-47520 TM<br><br>Chapter 7<br><br>Date: December 3, 2009<br>Time: 3 p.m.<br>Place: 1300 Clay Street, 2nd Floor<br>      Oakland, CA |

NOTICE OF OBJECTION AND OBJECTION TO CLAIM OF EXEMPTION

TO ALFONSO ZABALA AND THOMAS P. HOGAN, HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that Paul Mansdorf, Trustee of the above debtor estate, will

and hereby objects to your amended claim of exemption in the undisclosed tax refunds in the

amount of $8649.00, and the undisclosed whole life insurance policy in the amount of $6,507.88,

pursuant to 11 U.S.C. 522(g), on the grounds that the Debtor concealed these asset on his

bankruptcy schedules, and that these asset would never have been discovered but for the Trustee's

independent investigation. This objection is based upon the following facts and law, set forth here

on information and belief, and is supported by the Declaration of Paul Mansdorf ("Mansdorf

Declaration") each of which was discovered by the Trustee at the examination of the Debtor at the

initial meeting of creditors.

An Order for relief under Chapter 7 of Title 11 of the United States Code was entered

herein pursuant to a voluntary petition filed by the Debtor on August 14, 2009. At the meeting of

creditors, held on September 23, 2009, the Debtor testified under penalty of perjury that his

schedules were true and correct, and he signed a questionnaire under penalty of perjury that the information in the schedules was correct, and all assets had been disclosed. The form was given to the Trustee at the meeting of creditors. Nevertheless, when the Trustee started asking him specific questions about his tax returns for 2008, the Debtor testified that he had two checks for tax returns, and that he kept the un-cashed checks in his drawer. The Debtor further testified that his tax returns were dated June 18, 2009, nearly two months prior to the bankruptcy filing, making it obvious that he a) knew about the tax refunds when the schedules and statement of affairs were prepared and b)knew that he was "sitting" on the checks at the time of the bankruptcy filing.

The Trustee immediately filed a motion for turnover of the tax refunds, see Docket # 14, but to date the Debtor has refused, and continues to refuse to turn over the checks. Although he has filed an amended claim of exemption in the refunds, the law is clear that he has a duty to turn the checks over until the exemption becomes final 30 days from the filing of the amendment, unless there is an objection filed.

Although nothing was said at the time of the meeting of creditors, it is obvious that the Debtor would also have known about the insurance policy at the time of the meeting of creditors, as well as at the time of the filing, but decided to attempt to conceal the asset

The law provides that amendments to claims of exemption are liberally allowed. See *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998); *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000). On the other hand, however a debtor has the positive duty to disclose all of his assets, interests, and property rights, in his bankruptcy schedules. 11 U.S.C. § 521; Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3rd Cir. 1988). This obligation is strict, and the law requires that the schedules and statements be as complete and accurate as possible. In re Fabian, 96 F.3d 792, 795-96 (5th Cir. 1996). The burden is on the debtor to complete the schedules accurately. Id. The degree of specificity and accuracy required increases when the property is claimed to be exempt. In re Park, 246 B.R. 837, 840 (E.D. Tex. 2000).

A debtor may not claim as exempt property which he knowingly concealed and failed to disclose to the trustee, even if that property would otherwise be exempt. In re Park, 246 B.R. 837, 840 (E.D. Tex. 2000). "Active concealment of an asset no doubt requires denial of [an] exemption

claim." In re Schafler, 2002 WL 1940295 (N.D. Cal. 2002) citing In re Andermahr, 30 B.R. 532, 534 (9th Cir. B.A.P. 1983).

A debtor actively conceals an asset when he fails to disclose the valuable asset on the debtor's bankruptcy schedules, when the existence of the asset would not have come to light unless a creditor or a trustee brought the undisclosed asset to the attention of the Court, and when prior to the discovery of the undisclosed asset, the debtor uses that asset for his own purposes. In re Fabian, 122 B.R. 678, 681 (W.D. Penn. 1990). By contrast, the omission of an asset is "inadvertent" only when the debtor lacked knowledge of the undisclosed asset or has no motive for the concealment of the asset. In re Coastal Plains, Inc., 179 F.3d 197, 210, n. 9 (5th Cir. 1999).

Debtors cannot be permitted to play "catch me if you can" by putting checks in a drawer to avoid having them showing up on a bank statement, and then hope for the best. The Debtor is represented by competent bankruptcy counsel who worked with the Debtor since May, 2009, and the schedules and statement of financial affairs were signed in the end of July, 2009. Counsel was paid a total of $3,500, so it is unlikely that one can put the blame on the lawyer for a superficial job performance. The Trustee believes that this is an obvious case of bad faith on behalf of the Debtor, which bad faith is compounded by the continued refusal by the Debtor to turn over the checks.

WHEREFORE the Trustee requests that the amended claims of exemption be disallowed.

DATED: November 3, 2009

STROMSHEIM & ASSOCIATES


_____/s/_____ Reidun Strømsheim
Attorneys for Trustee,
PAUL MANSDORF